UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYMOND ROLES,<br><br>                Plaintiff,<br><br>    v.<br><br>MELODEE ARMFIELD,<br><br>                Defendants. | Case No. 1:12-CV-00363-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this prisoner civil rights matter is Defendant's Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 12.) Defendant asserts that Plaintiff's Complaint is barred by the applicable statute of limitations. (*Id.*) Plaintiff argues that his Complaint is timely given the date he discovered the injury that forms the basis of his Complaint. (Dkt. 14.)

The parties having adequately stated the facts and arguments in their briefing, the Court will resolve these matters on the record without oral argument. D. Idaho L. Civil R. 7.1.

## BACKGROUND

Plaintiff is an inmate at the Idaho Correctional Center. (Dkt. 3, Appendix, p. 1.) He was involved in an altercation with another inmate on April 20, 2010, after the other inmate came into Plaintiff's cell uninvited. (*Id.*) The two men started to argue, and

**MEMORANDUM DECISION AND ORDER - 1**

Plaintiff struck the inmate on the left side of his jaw with a pencil, which broke in half. (*Id.*) They then exchanged punches and wrestled on the floor until correctional officers arrived and stopped the fight. (*Id.*)

On May 4, 2010, Plaintiff was charged with "aggravated battery" in a prison disciplinary offense report (a "DOR"). (Dkt. 3, p. 20.) A discipline hearing was held on May 5, 2010. (*Id.*) At the hearing, Plaintiff contested the claim, but Defendant found him guilty and imposed 17 days of punishment. (*Id.*, p. 11.) In addition, on May 13, 2013, Plaintiff's security level was increased and he was moved into close custody, where he is locked down 22-23 hours a day. (*Id.*, p. 22.) Plaintiff appealed the DOR on May 5, 2010, but his appeal was denied on June 17, 2010, and the denial was forwarded to Plaintiff on June 21, 2010. (*Id.*, p. 6.)

As a result of this DOR, which was the first one Plaintiff had received in 15 years, the Idaho Commission of Pardons and Parole declined to grant him parole and instead determined that another hearing would not be held for five years. (Dkt. 3, p. 2.)

On July 18, 2012, Plaintiff filed his Complaint under 42 U.S.C. § 1983. On December 3, 2012, the Court issue its Initial Review Order under 28 U.S.C. § 1915A and found that Plaintiff stated a colorable claim for relief that his due process rights were violated because the DOR was not supported by "some evidence." (Dkt. 9, p. 10.)

Defendant filed the instant Motion to Dismiss on the basis that Plaintiff's Complaint is barred by the applicable statute of limitations. (Dkt. 12.)

**MEMORANDUM DECISION AND ORDER - 2**

## STANDARD OF LAW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed.R.Civ.P. 8(a)(2). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (9th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court accepts "all facts alleged as true and construes them in the light most favorable to the plaintiff." *County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1241 n. 1 (9th Cir. 2009).

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995).

**MEMORANDUM DECISION AND ORDER - 3**

Furthermore, in ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007). Judicial notice is appropriate for matters of public record, such as "reports of administrative bodies." *U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008). However, the report should not be relied upon to resolve a factual dispute. *Id*.

## DISCUSSION

Section 1983 does not contain its own statute of limitations. Thus, for actions brought under § 1983, federal courts borrow the statute of limitations applicable to personal injury claims in the forum state. *Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002). In Idaho, the applicable statute of limitations is two years. Idaho Code § 5-219(4). Federal courts also apply the forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Federal law, however, governs when a claim accrues. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*.

In the present case, the Court construed Plaintiff's Complaint to contain a colorable claim under the Fourteenth Amendment. (Dkt. 9, p. 8.) Specifically, the Court permitted Plaintiff to proceed with his Complaint against Defendant on the theory that his due process rights were violated because his DOR was not supported by "some

**MEMORANDUM DECISION AND ORDER - 4**

evidence." (*Id.*, p. 10.) According to Plaintiff's Complaint, Plaintiff was charged with "aggravated battery" in the DOR on May 4, 2010, stemming from the incident which occurred on April 20, 2010. (Dkt. 3, p. 20.) A discipline hearing was held on May 5, 2010. (*Id.*) At the hearing, Plaintiff argued against the claim, but Defendant found him guilty and imposed 17 days of punishment. (*Id.*, p. 11.) In addition, on May 13, 2010, Plaintiff's security level was increased and he was moved into close custody, where he is locked down 22-23 hours a day. (*Id.*, p. 22.) Plaintiff appealed the DOR on May 5, 2010, but his appeal was denied on June 17, 2010, and the denial was forwarded to Plaintiff on June 21, 2010. (*Id.*, p. 6.)

Plaintiff's cause of action accrued, at the very latest, when his appeal denial was forwarded to him on June 21, 2010. At this point Plaintiff knew, or should have known that Plaintiff's alleged misconduct actually caused him the injury which forms the basis of the cause of action – violation of due process. Plaintiff's complaint was not filed until July 18, 2012 - over two years after accrual. Thus, the two-year statute of limitations bars the action.

While Plaintiff argues that he did not learn of the harm caused by Defendant until October 21, 2011, when the parole board denied Plaintiff parole (Dkt. 14, p. 2), the facts indicate that Plaintiff knew or should have known of the injury much earlier. Plaintiff should have been aware of the injury when he was found guilty under the DOR, when his security level was increased, when he was moved into close custody, or at the very latest, when he learned his appeal was denied. In other words, a § 1983 action accrues for

**MEMORANDUM DECISION AND ORDER - 5**

statute of limitations purposes when a plaintiff first learns of an injury giving rise to his claims, not when the injuries become the most painful.  *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761-62 (9th Cir. 1991).

Plaintiff further argues that no statute of limitations can attach, because the harm and illegal punishment is ongoing; every day brings a new harm and a new violation. (Dkt. 14, pp. 1-2.)  While the continuing violation theory applies to § 1983 actions, *see Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001), a "mere continuing *impact* from past violations is not actionable."  *Id*.  The continuing violation doctrine is inapplicable here, because Plaintiff has failed to establish that a new violation occurs each day.  Rather, the terms of Plaintiff's incarceration are merely the continuing effect of the DOR.

Therefore, given that the expiration of the statute is apparent on the face of the Complaint, the Court will grant Plaintiff's Motion to Dismiss.

## ORDER

IT IS ORDERED that Defendant's Motion to Dismiss (Dkt. 12) is GRANTED, and this entire case is dismissed with prejudice.

DATED:  **May 14, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 6**