UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYMOND ROLES,<br><br>               Plaintiff,<br><br>       v.<br><br>MELODEE ARMFIELD,<br><br>               Defendants. | Case No. 1:12-CV-00363-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this prisoner civil rights matter is Plaintiff's Motion for Relief from Judgment, Rule 60B. (Dkt. 20.) Plaintiff argues that the Court mistakenly dismissed his Complaint, for reasons of the statute of limitations, in its Memorandum Decision and Order, dated May 14, 2013, (Dkt. 18). Plaintiff argues that his prior state court lawsuit tolled the statute of limitations for the present lawsuit, his Complaint is timely given the date he discovered his injury and the harm caused by Defendants is continuing in nature. Plaintiff further argues that the Court was wrong to dismiss his due process claim concerning the self-defense theory.

The parties having adequately stated the facts and arguments in their briefing, the Court will resolve these matters on the record without oral argument. D. Idaho L. Civil R. 7.1.

# BACKGROUND

Plaintiff is an inmate at the Idaho Correctional Center. (Dkt. 3, Appendix, p. 1.) He was involved in an altercation with another inmate on April 20, 2010, after the other inmate came into Plaintiff's cell uninvited. (*Id*.) The two men started to argue, and Plaintiff struck the inmate on the left side of his jaw with a pencil, which broke in half. (*Id*.) They then exchanged punches and wrestled on the floor until correctional officers arrived and stopped the fight. (*Id*.)

On May 4, 2010, Plaintiff was charged with "aggravated battery" in a prison disciplinary offense report (a "DOR"). (Dkt. 3, p. 20.) A discipline hearing was held on May 5, 2010. (*Id*.) At the hearing, Plaintiff contested the claim, but Defendant found him guilty and imposed 17 days of punishment. (*Id*. at 11.) In addition, on May 13, 2013, Plaintiff's security level was increased and he was moved into close custody, where he is locked down 22-23 hours a day. (*Id*. at 22.) Plaintiff appealed the DOR on May 5, 2010, but his appeal was denied on June 17, 2010, and the denial was forwarded to Plaintiff on June 21, 2010. (*Id*. at 6.)

As a result of this DOR, which was the first one Plaintiff had received in 15 years, the Idaho Commission of Pardons and Parole declined to grant him parole and instead determined that another hearing would not be held for five years. (Dkt. 3, p. 2.)

On July 18, 2012, Plaintiff filed his Complaint under 42 U.S.C. § 1983. (Dkt. 3.) On December 3, 2012, the Court issue its Initial Review Order under 28 U.S.C. § 1915A and found that Plaintiff stated a colorable claim for relief that his due process rights were

**MEMORANDUM DECISION AND ORDER - 2**

violated because the DOR was not supported by "some evidence." (Dkt. 9, p. 10.) The Court dismissed Plaintiff's claim that Defendant's refusal to allow him to assert self-defense during the DOR hearing violated his due process rights. (*Id*. at 3-8.)

On January 16, 2013, Defendants filed a Motion to Dismiss on the basis that Plaintiff's Complaint was barred by the applicable statute of limitations. (Dkt. 12.) The Court dismissed Plaintiff's Complaint, because it was not filed within Idaho's statute of limitations of two years. (Dkt. 18, pp. 4-5.) The Court reasoned that Plaintiff's cause of action accrued, at the very latest, when his appeal denial was forwarded to him on June 21, 2010. (*Id*. at 5.) Plaintiff's Complaint was not filed until July 18, 2012. (*Id*.)

On May 24, 2013, Plaintiff filed the instant Motion for Relief from Judgment, Rule 60B. (Dkt. 20.)

## STANDARD OF LAW

Federal Rule of Civil Procedure 60(b)(1) provides that the court may relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). The Ninth Circuit has recognized that Rule 60(b) may be used to reconsider legal issues and to reconsider the court's own mistake or inadvertence. *See Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982) (holding that the "law in this circuit is that errors of law are cognizable under Rule 60(b)"); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) ("the district court can correct its own mistake months after judgment, under Rule 60(b)"). The disposition of a motion for reconsideration under Rule 60(b)(1) is within the broad

MEMORANDUM DECISION AND ORDER - 3

discretion of the district court. *Lolli v. County of Orange*, 351 F.3d 410, 411 (9th Cir. 2003); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006).

## DISCUSSION

### 1. State Court Action

Plaintiff argues that his prior state court lawsuit tolled the statute of limitations for this lawsuit. Specifically, Plaintiff claims that he filed his complaint in state court on August 30, 2010, and that it was impossible to litigate the claim through the state court system in the time allowed by the statute of limitations. (Dkt. 20, pp. 1-2.) He further contends he filed in state court first, because when he attempted in a previous unrelated matter to file a Fourteenth Amendment claim in federal court, the Court issued him a strike. (*Id.*) Defendants argue that Plaintiff has not demonstrated that statutory tolling is applicable here. The Court agrees with Defendants.

Federal courts apply the forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). In *Wilhelm*, the plaintiff asked the court to toll the statute of limitations from the time he filed a complaint against his attorney with the Idaho State Bar until after the Bar arbitration panel issued its decision. The lower court tolled the statute of limitations, but the Idaho Supreme Court reversed, holding that there was no injunction or statute that stayed plaintiff's action or

**MEMORANDUM DECISION AND ORDER - 4**

that barred him from commencing his action until the arbitration was completed. *Id*. The Court stated that the plaintiff should have filed the lawsuit within the statute of limitations and asked the court to stay the case pending completion of the arbitration proceedings. *Id*.

In this case, the Court was likewise unable to locate, and Plaintiff did not provide the Court with, any statutory language which allows tolling of the statute of limitations for Plaintiffs claims. In other words, the Court is unaware of any relevant authority which provides that a state action tolls the statute of limitations for a related federal action under the Fourteenth Amendment. Thus, as in *Wilhelm*, tolling (both statutory and equitable) under Idaho law is unavailable in this case.

As to Plaintiff's allegation that he was forced to file his Fourteenth Amendment claim first in state court to avoid a strike, the facts do not support Plaintiff's argument. A review of the Court's Initial Review Order in Plaintiff's previous case reveals that Plaintiff was issued a strike because he brought a second lawsuit on a claim which was previously dismissed a few months earlier for failure to state a federal cause of action. *See* CV08-392-S-BLW, *Roles v. Sargent*. Plaintiff was not issued a strike because he did not file the claim in state court first, but because he brought again a claim that the Court already dismissed.

### 2. Accrual of the Cause of Action

Plaintiff argues that the Court was wrong to find that his cause of action accrued at the very latest, when his appeal denial to a disciplinary report was forwarded to him on

**MEMORANDUM DECISION AND ORDER - 5**

June 21, 2010. (Dkt. 20, pp. 2-3.) He claims that he did not know of an injury to his Fourteenth Amendment rights until his parole was denied. (*Id*.) The Court is not persuaded.

Federal law governs when a claim accrues. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Under federal law, "a claim accrues when the plaintiff knows or has reason to know the injury which is the basis of the action." *Id*. The Court permitted Plaintiff to proceed with his Complaint against Defendant on the theory that his due process rights were violated because his DOR conviction was not supported by "some evidence." (Dkt. 9, p. 10.) Thus, the injury which forms the basis for Plaintiff's cause of action is the violation of his due process rights. Plaintiff knew or had reason to know of injury to his due process rights when he was found guilty under the DOR, when his security level was increased due to the DOR, when he was moved into close custody due to the DOR, or at the very latest, when he learned his DOR appeal was denied. The fact that the DOR conviction ultimately resulted in Plaintiff's bid for parole being denied is immaterial because a § 1983 action accrues for statute of limitations purposes when a plaintiff first learns of an injury giving rise to his claims, not when the injuries become the most painful. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761-62 (9th Cir. 1991). Plaintiff should have known of injury to his due process rights, at the very latest, when he learned his DOR appeal was denied.

Plaintiff also argues that the harm allegedly caused by Defendant is continuing in nature, and therefore the statute of limitations should not apply. The theory of continuing

**MEMORANDUM DECISION AND ORDER - 6**

violations is an equitable doctrine that "prevent[s] a defendant from using its earlier conduct to avoid liability for later illegal conduct of the same sort." *O'Loghlin v. County of Orange*, 229 F.3d 871, 875 (9th Cir. 2000). To establish a continuing violation, Plaintiff must show "a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system before and during the [limitations] period." *Green v. L.A. County Superintendent of Sch.*, 883 F.2d 1472, 1480 (9th Cir. 1989). "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981). "Mere continuing impact from past violations is not actionable." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2010). Here, Plaintiff has not demonstrated continuing unlawful acts, but rather the continuing impact from past alleged violations. Plaintiff does not claim Defendant continues to violate his due process rights, but that Plaintiff continues to suffer due to the DOR conviction. Therefore, since Plaintiff has not demonstrated a continuing violation, Plaintiff's claims are time barred and will be dismissed.

### 3. State Created Liberty Interest

The Court concluded in its Initial Review Order that Plaintiff failed to state a claim on which relief may be granted under a constitutional self-defense theory. (Dkt. 9, p. 8.) Plaintiff argues that the Court's conclusion was wrong, because Idaho Department of Correction policies create a state liberty interest for inmate self-defense. (Dkt. 20, pp. 3-4.) While state law can create liberty interests protected by the Due Process Clause, in

**MEMORANDUM DECISION AND ORDER - 7**

the prison context such interests are generally limited to freedom from restraint: interests that "impose [] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *See also Lightner v. Hardison*, 239 P.3d 817, 822-23 (Idaho Ct. App. 2010). Here, Plaintiff has failed to demonstrate that his inability to invoke the self-defense theory during the DOR hearing imposed an atypical and significant hardship. Although Plaintiff complains that the denial of his parole is a significant hardship, there is no constitutionally protected right to parole. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Indeed, the Idaho Supreme Court has concluded that Idaho statutes do not provide a legitimate expectation of parole, but merely the possibility thereof. *See Izatt v. State*, 661 P.2d 763, 766 (1983). Therefore, since Plaintiff had no legitimate expectation of parole and the DOR conviction did not affect Plaintiff's sentence, inability to invoke the self-defense theory does not constitute an atypical or significant hardship. Consequently, Plaintiff has not stated a colorable due process claim based on the regulation.

The Court further reiterates, as set forth in the Initial Review Order, that if self-defense was required under federal or state law, the Court would still find that Plaintiff failed to state a claim. The allegations in the Complaint and the attached exhibits tend to show that, rather than refusing to allow Plaintiff to claim self-defense, Defendant Armfield apparently concluded that Plaintiff did not act is self-defense. A finding that the facts did not support self-defense is not the same as prohibiting its consideration in the

**MEMORANDUM DECISION AND ORDER - 8**

first place.

## ORDER

IT IS ORDERED that Plaintiff's Motion for Relief from Judgment, Rule 60B is DENIED. This case remains dismissed with prejudice.

DATED: **January 2, 2014**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 9**